NO. 12-02-00141-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


JUDY STARKEY, AS GUARDIAN OF

JEFFREY RAGSDALE,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE ANDREWS CENTER,

APPELLEE
§
 SMITH COUNTY, TEXAS






 

 Appellant Judy Starkey ("Starkey"), in her capacity as guardian of Jeffrey Ragsdale
("Ragsdale"), appeals the trial court's order dismissing her cause of action against The Andrews
Center (the "Center") for want of jurisdiction. In two issues, Starkey asserts that the trial court erred
in concluding the Center is immune from suit. We affirm.


Factual and Procedural Background


 This is a negligence suit arising out of the treatment of Ragsdale while he was in the care of
the Center. Ragsdale is a thirty-two year old male who is mentally impaired. He is nonverbal and
requires 24-hour care. The Center provided care for Ragsdale during the day.

 On February 24, 2000, the Center planned for Ragsdale and some of the other patients at the
Center to visit one of their teachers. Ragsdale indicated he did not want to make this field trip and
began violently resisting. Several employees from the Center placed him in a wheel chair and
wheeled him out to the parking lot where the vehicle for the trip was being loaded. (1) As Ragsdale
was being assisted into the vehicle, he began to push back against those who were helping him. 
Maurice Anderson, one of the Center's employees, grabbed Ragsdale around the waist, and Ragsdale
fell. After the trip to see the teacher, it was discovered that Ragsdale had a broken arm. Ragsdale
was then transported by the Center to the hospital where he received treatment. 

 Ragsdale filed suit against the Center on February 11, 2002 and amended his original petition
on March 22, March 27, and April 9. The Center filed its answer on March 8 and also filed a plea
to the jurisdiction, alleging that Starkey's suit was barred by its immunity under the Tort Claims Act. 
The Center argued that it was a governmental entity as defined by Section 534.001(b) of the Texas
Health and Safety Code. Therefore, the Center contended, the trial court lacked jurisdiction to
consider Starkey's case. 

 After a hearing on the plea to the jurisdiction, the trial court entered an order dismissing
Starkey's suit for want of jurisdiction. Starkey timely perfected this appeal. 


Standard of Review


 Subject matter jurisdiction is essential to the authority of the court to decide a case. Texas
Ass'n of Business v. Texas Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993). A plea to the
jurisdiction challenges the trial court's authority to determine the subject matter of a specific cause
of action. Rylander v. Caldwell, 23 S.W.3d 132, 135 (Tex. App.- Austin 2000, no pet.). Because
subject matter jurisdiction presents a question of law, we review the trial court's decision to grant
a plea to the jurisdiction de novo. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex.
1998). 

 In reviewing a plea to the jurisdiction, we review the pleadings and any evidence relevant to
the jurisdictional issue. Texas Dep't of Criminal Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001). 
Standing, which is a component of subject matter jurisdiction, requires the pleader to allege facts that
affirmatively demonstrate the court's jurisdiction to hear the case. See Texas Ass'n of Business, 852
S.W.2d at 446. Whether a determination of subject matter jurisdiction can be made in a preliminary
hearing or should await a fuller development of the merits of the case must be left largely to the trial
court's sound exercise of discretion. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex.
2000). 



Timeliness of Plea


 In her first issue, Starkey contends that the Center prematurely filed its plea to the jurisdiction
and that the Center should have filed special exceptions to her pleadings rather than a plea to the
jurisdiction. We disagree. 

 Governmental immunity from suit defeats a trial court's subject matter jurisdiction. Texas
Dep't of Transp. v. Jones, 8 S.W.3d 636, 639 (Tex. 1999). If a party believes that the plaintiff's
petition does not show jurisdiction and cannot be amended to allege jurisdiction, the party may file
a plea to the jurisdiction at any time. See Godley Indep. Sch. Dist. v. Woods, 21 S.W.3d 656, 661
(Tex. App.- Waco 2000, pet. denied); see also Sykes v. Harris County, 89 S.W.3d 661, 665 (Tex.
App.- Houston [1st Dist.] 2002, no pet.). We note from the record that the trial court allowed
Starkey to file her third amended petition following the Center's plea to the jurisdiction and
considered it prior to its final order of April 16. Therefore, Starkey cannot show error or harm from
the Center's timing in filing its plea to the jurisdiction. Starkey's first issue is overruled.


Site of Injury


 In her second issue, Starkey contends that the trial court erred in granting the Center's plea
to the jurisdiction because the Center had waived immunity under section 101.021 of the Civil
Practice and Remedies Code, which states:

 

 A governmental unit in the state is liable for:

 (1) property damage, personal injury, and death proximately caused by the wrongful
act or omission or the negligence of an employee acting within his scope of
employment if:

 (A) the property damage, personal injury, or death arises from
the operation or use of a motor-driven vehicle or motor-driven
equipment; and 

 (B) the employee would be personally liable to the claimant
according to Texas law; and 

 (2) personal injury and death so caused by a condition or use of tangible personal
or real property if the governmental unit would, were it a private person, be liable
to the claimant according to Texas law.


Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 1997).

 To establish a waiver of immunity under sections 101.021(1)(A) and 101.021(2), Starkey had
to first establish the use or operation of a government-owned, motor-driven vehicle or a condition
or use of tangible personal property. Starkey contends that she did so by alleging that Anderson
broke Ragsdale's arm in the process of loading him into the Center's vehicle. Starkey further
contends that loading a person into a vehicle is part of the transportation process and is therefore part
of the use and operation of the vehicle under sections 101.021(1)(A) and 101.021(2). Starkey cites
LeLeaux v. Hamshire-Fannin Sch. Dist., 835 S.W.2d 49 (Tex. 1992) as her authority for this
proposition.

 In LeLeaux, the supreme court made the following statement while discussing the claim of
a student against her high school:


 Although we agree with Monica's contention that "there is no sound reason why the acts of loading
and unloading students on and off school buses should not be considered part of the transportation 
process", the manner in which school district employees loaded and unloaded students had nothing
to do with Monica's injury. 


Id. at 52. 

However, the Center responds that the supreme court in LeLeaux did not address the contention of
whether loading or unloading students on and off a school bus was considered to be part of the
transportation process. We agree. The holding in LeLeaux related to whether the vehicle was in
operation or use at the time of the student's injury. Id. In addressing the issue, the court restated its
recent holding that "'[o]peration' refers to 'a doing or performing of a practical work,' ... and 'use'
means 'to put or bring into action or service; to employ for or apply to a given purpose' ...." Id. at
51 (citing Mount Pleasant Indep. Sch. Dist. v. Estate of Lindburg, 766 S.W.2d 208, 211 (Tex
1989)).

 From the facts stated in Starkey's third amended original petition, we infer that the vehicle
was parked in a parking lot while Ragsdale was being loaded. The Center's vehicle had not been
brought into action or service but was apparently stationary. Therefore, the vehicle was nothing
more than the place where Ragsdale was injured. See LeLeaux, 835 S.W.2d at 51. When an injury
occurs on a vehicle but does not arise out of its use or operation, the vehicle is only the setting for
the injury, and immunity for liability is not waived. See id. at 52.

 The Texas Supreme Court has continued to give the word "use" its ordinary meaning and
consequently has held that for property to be used in causing injury, it must actually be involved and 

not merely serve as the situs of injury or furnish the condition that makes injury possible. Texas
Dep't of Criminal Justice v. Miller, 51 S.W.3d 583, 590 (Tex. 2001) (Hecht, J., concurring) (citing
Dallas County Mental Health and Mental Retardation v. Bossley, 968 S.W.2d 339, 343 (Tex.
1998)). Consequently, we agree with the Center that the holding in LeLeaux establishes that a
vehicle not in use or operation and which is only the site for an injury does not create a waiver of
immunity as contemplated in sections 101.021(1)(A) and 101.021(2) of the Texas Civil Practice and
Remedies Code. Starkey's second issue is overruled.

 We affirm the trial court's order of dismissal.


 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered March 12, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.











(PUBLISH)














1. In Starkey's third amended petition, she refers to the vehicle as a bus/van.