

# IN THE
# TENTH COURT OF APPEALS

## No. 10-08-00183-CV

**JACKIE MIERS,**

                                                          **Appellant**

 **v.**

**TEXAS A&M UNIVERSITY SYSTEM
HEALTH SCIENCE CENTER D/B/A
BAYLOR COLLEGE OF DENTISTRY &
DR. WILLIAM RALPH PHILLIPS, III, D.D.S.,**

                                                          **Appellees**

### From the 272nd District Court
### Brazos County, Texas
### Trial Court No. 06-000356-CV-272

# OPINION

Jackie Miers appeals two decisions of the trial court that dismissed her claims against Texas A&M University System Health Science Center d/b/a Baylor College of Dentistry and William Ralph Phillips, DDS, MD. Miers's claims were brought pursuant to the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001 *et. seq.* (Vernon 2005). The trial court granted the motion to dismiss Dr. Phillips pursuant to Texas Civil Practice and Remedies Code Section 101.106. The trial court later granted

Baylor's motion for summary judgment based on sovereign immunity. Because we find that the trial court did not err in granting Baylor's motion for summary judgment pursuant to Texas Civil Practice and Remedies Code Section 101.021(2), that Miers's complaint regarding Phillips being in the paid employment of Baylor may have been waived but nevertheless we find that Phillips was being paid by Baylor, and that the trial court did not err in dismissing Phillips because Baylor had the right to control his work pursuant to Sections 101.002(2) and 101.106(e), we affirm the orders and ultimately the judgment of the trial court.

*Motion for Summary Judgment*

Miers first complains that the trial court erred in granting summary judgment as to Baylor. We review the grant or denial of a traditional motion for summary judgment de novo. *See Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 n.7 (Tex. 2005) (*citing Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 290 n.137 (Tex. 2004)). To be entitled to summary judgment, the movant must demonstrate that no genuine issues of material fact exist and that she is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c). Once the movant satisfies her burden, the burden shifts to the non-movant to produce evidence sufficient to raise a fact issue. *See Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). In determining whether a fact issue exists, evidence favorable to the non-movant is taken as true. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997) (*citing Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985)). All doubts will be resolved in favor of the non-movant, and all reasonable inferences will be indulged in her favor. *Id.* (*citing Nixon*, 690 S.W.2d at 549).

Baylor's motion for summary judgment raises an issue of sovereign immunity from suit that, if applicable, would deprive the Court of subject-matter jurisdiction. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). Subject-matter jurisdiction is a question of law, which we review de novo. *Id*. at 226. Likewise, deciding whether Miers's claims fall under the Tort Claims Act is a matter of statutory construction, which we also review de novo. *In re Forlenza*, 140 S.W.3d 373, 376 (Tex. 2004).

*Use or Misuse of Tangible Personal Property*

Miers complains that the trial court erred by granting Baylor's motion for summary judgment based on the affirmative defense of sovereign immunity because Baylor waived its immunity pursuant to Texas Civil Practice and Remedies Code Section 101.021(2). TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2) (Vernon 2005). Miers contends that the use or misuse of tangible personal property caused her injury. Initially, Baylor filed a plea to the jurisdiction on this basis, which the trial court denied and Baylor did not appeal that decision. Some time thereafter, Baylor filed a traditional motion for summary judgment alleging that there was no use or misuse of tangible personal property within the meaning of the Tort Claims Act so as to come within the waiver of immunity as a matter of law.

To establish a waiver of sovereign immunity based upon the use or misuse of non-defective tangible personal property, Miers must allege that the injury was caused by the use or misuse of tangible personal property by a governmental employee acting within the scope of his or her employment. *Salcedo v. El Paso Hosp. Dist.*, 659 S.W.2d 30,

32 (Tex. 1983); *Sepulveda v. County of El Paso*, 170 S.W.3d 605, 614-15 (Tex. App.—El Paso 2005, pet. denied). "Use" means "to put or bring into action or service; to employ for or apply to a given purpose." *Texas Department of Criminal Justice v. Miller*, 51 S.W.3d 583, 588 (Tex. 2001). The usage of the property must have actually caused the injury. *Miller*, 51 S.W.3d at 588; *see San Antonio State Hospital v. Koehler*, 981 S.W.2d 32, 35 (Tex.App.—San Antonio 1998, pet. denied) (use of the property must be a substantial factor in bringing about the injury). Incidental involvement of the property is insufficient. *Dallas County Mental Health and Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex. 1998). Property does not cause injury if it does no more than furnish the condition that makes injury possible. *Bossley*, 968 S.W.2d at 343.

Miers lists several pieces of equipment and dental instruments that she contends were used or misused within the meaning of the statute to extract her teeth; however, there is no evidence that it was Phillips's use or misuse of any of the listed equipment or dental instruments during the procedure in which her teeth were removed that caused the injury. To the contrary, there is evidence that Phillips correctly used the equipment and dental instruments when he removed the teeth. It is entirely and solely the decision to remove the additional teeth at all that is the source of Phillips's alleged negligence, not the manner in which they were removed. Consequently, there is no waiver of sovereign immunity based on the use or misuse of tangible personal property. *See Tex. Tech. Univ. Health Sciences Ctr. v. Lucero*, 234 S.W.3d 158, 169 (Tex. App.—El Paso 2007, pet. denied) (allegation of misuse of equipment during procedure does not waive

immunity when stent placed correctly); *see also Turner v. Zellers*, 232 S.W.3d 414, 419 (Tex. App.—Dallas 2008, no pet.). We overrule Miers's first issue.

*Motion to Dismiss*

In her second issue, Miers complains that the trial court erred by granting Phillips's motion to dismiss pursuant to Texas Civil Practice and Remedies Code § 101.106, which mandates dismissal of a claim filed against an employee when the suit is filed pursuant to Chapter 101 against both a governmental unit and one of its employees upon the filing of a motion by the governmental unit. TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e) (Vernon 2005).

The term "employee" is defined in Chapter 101 as "a person, including an officer or agent, who is in the paid service of a governmental unit by competent authority, but does not include an independent contractor, an agent or employee of an independent contractor, or a person who performs tasks the details of which the governmental unit does not have the legal right to control." TEX. CIV. PRAC. & REM. CODE ANN. § 101.002(2) (Vernon 2005).

Miers contends that Phillips never established as a matter of law that he was an employee of Baylor because he was not in the paid service of Baylor and because Baylor did not have the right to control his work. Phillips was paid by BUMC, and his salary, withholding taxes, and health insurance were reimbursed to Baylor through an affiliation agreement between BUMC and Baylor. Miers does not contend that her claims were not brought pursuant to Chapter 101, rendering Section 101.106 inapplicable, but agrees that if Phillips is an employee of Baylor, as defined by the

statute, dismissal is appropriate under that section. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 656 (Tex. 2008) (all tort theories, including intentional torts by employees, encompassed in dismissal for failure to establish waiver of sovereign immunity); *see also Kanlic v. Meyer*, 230 S.W.3d 889, 894-95 (Tex. App.—El Paso 2007, pet. denied).

Section 101.106(e) provides, "If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e) (Vernon 2005).

*Paid Service*

Miers contends that because Phillips's W-2's for the relevant time periods indicate that he was paid by BUMC, he has not established as a matter of law that he was an employee of Baylor. Baylor responded that while Phillips's salary was paid by BUMC, they had reimbursed BUMC in full for that salary, and attached to their pleadings copies of invoices from BUMC to Baylor that affirmatively show that BUMC billed Baylor in full for Phillips's salary. Additionally, Phillips provided copies of letters from Baylor admitting him into their residency program and detailing the dates and salary he would be receiving while in their program. Phillips believed that he was in the paid employment of Baylor. There was also evidence presented that the agreement between BUMC and Baylor was a cost-sharing arrangement, and that Baylor would reimburse BUMC for some, but not all, residents working in their facility. The evidence is, however, undisputed that all of Phillips's cost of employment was

ultimately borne by Baylor. Although the reason for this arrangement between Baylor and BUMC is not revealed by the record, we believe it is immaterial to our analysis.

Miers does not identify any authorities in support of her argument that Phillips did not establish as a matter of law that he was in the paid service of Baylor at the time of the extraction of her teeth. *See* TEX. R. APP. P. 38.1(i). Without citations to appropriate authorities, this argument in support of this portion of Miers's issue could be treated as inadequately briefed, and therefore waived. *See also Walder v. State*, 85 S.W.3d 824, 828 (Tex. App.—Waco 2002, order) (per curiam). We have concluded, however, that based on the undisputed evidence presented that Baylor established as a matter of law with no evidence to the contrary having been presented, that Phillips was in the paid service of Baylor within the meaning of the statute.

*Right to Control Work*

Miers contends that Phillips did not establish as a matter of law that Baylor had the right to control his work. Her argument is that Phillips's exercise of independent professional judgment as a treating physician was outside of Baylor's right of control, which would thereby exclude him from the statutory definition of "employee." *See Murk v. Scheele*, 120 S.W.3d 865, 866 (Tex. 2003). As the Texas Supreme Court stated in *Murk*:

> This argument sweeps far too broadly. The Act's definition of "employee" does not require that a governmental unit control every detail of a person's work. The operator of a motor vehicle, for example, must exercise independent judgment, but this does not mean that he or she cannot be considered an employee under the Act. If it did, a governmental unit could never be "liable for . . . injury . . . proximately caused by . . . the negligence of an employee . . . arising from the operation

or use of a motor-driven vehicle", even though section 101.021(1) of the Act provides for such liability. TEX. CIV. PRAC. & REM. CODE § 101.021(1)(A). Similarly, a physician whose practice is controlled by a governmental unit is not precluded from being an "employee" within the meaning of the Act simply because he or she must exercise some independent medical judgment.

*Murk*, 120 S.W.3d at 866.

Phillips was a resident oral surgeon at Baylor. Phillips's medical decisions in the treatment of patients was subject to regimens prescribed by Baylor, faculty supervision and review, and in some instances, could have been vetoed by his supervisors. The nature of any practice as a physician requires them to make many medical decisions using their own professional judgment. However, that necessity does not, by itself, vitiate Baylor's right to control the details of Phillips's practice. *Murk*, 120 S.W.3d at 866. *See St. Joseph Hosp. v. Wolff*, 94 S.W.3d 513, 542, 46 Tex. Sup. Ct. J. 142 (Tex. 2002); *Dalehite v. Nauta*, 79 S.W.3d 243, 245-46 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). While it is undisputed that Phillips made the decision to extract Miers's teeth and the procedure was solely his judgment call, his supervisory physicians were available if they were needed to assist or if Phillips had asked them. Further, Baylor had the right to stop a procedure (if medically safe to do so) if it was believed that Phillips was not doing something properly; and ultimately could remove Phillips from a procedure if necessary. Baylor also had the right to remove Phillips from the program if they felt it was appropriate to do so. The trial court did not err in its determination that Baylor had the right to control Phillips's actions. We overrule Miers's second issue.

*Conclusion*

We find that the trial court did not err in granting Baylor's motion for summary judgment dismissing Baylor on the basis of sovereign immunity. We find that the trial court did not err in determining that Phillips was an employee of Baylor within the meaning of the Tort Claims Act and thus did not err in granting the motion to dismiss Phillips. Accordingly, we affirm the final judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
  Justice Reyna, and
  Justice Davis
Affirmed
Opinion delivered and filed December 30, 2009
[CV06]