

NUMBER 13-10-00670-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CITY OF MCALLEN,                                                          Appellant,

v.

MICHAEL RENE CORPUS,                                                  Appellee.

**On appeal from the County Court at Law No. 6
of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Memorandum Opinion by Justice Rodriguez**

Appellant City of McAllen (the City) challenges the trial court's denial of its plea to

the jurisdiction and motion to dismiss in this Texas Tort Claims Act (TTCA) case brought

by appellee Michael Rene Corpus. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021

(Vernon 2011). By one issue, the City argues that the trial court erred in denying its plea

to the jurisdiction because Corpus failed to plead facts alleging a waiver of the City's governmental immunity. We reverse and render.

## I. BACKGROUND

Corpus pleaded the following facts in his amended petition:

> On or about May 6, 2009, [Corpus] was seriously injured as a result of actions undertaken by an employee of [the City]. Namely, on said date, McAllen Animal Control Officer, Roberto Mata, responded to a bee call initiated by [Corpus]. Upon arriving at [Corpus]'s location, [Corpus] requested that Mr. Mata follow him to the location where the bees were located. Mr. Mata refused and insisted that [Corpus] accompany him in his animal control vehicle to the location. Mr. Mata's vehicle was equipped with animal/pest control devices. Two animal control vehicles arrived at the complained[-]of area, one operated by Mr. Mata and the other operated by another animal control officer.
>
> When they arrived at the area, Mr. Mata, armed with his protective clothing and gear, approached the hive while [Corpus] remained in [the City]'s vehicle. At no time was the animal control vehicle that Mr. Mata was operating turned off. The motor was running at all times. [Corpus] was instructed to remain in the vehicle for his safety. After Mr. Mata located the hive, Mr. Mata began spraying the bees which caused the bees to become agitated. Then Mr. Mata either in an attempt to seek refuge or to retrieve another animal/pest control device recklessly opened the vehicle door to his unit thereby allowing the bees to enter the vehicle and attack [Corpus], who was not wearing or given protective gear/clothing. Mr. Mata was using and/or operating his vehicle in a manner in which the vehicle was intended to be operated.
>
> As a result of the operation or use of [the City]'s motor-driven vehicle created by [the City]'s employee, Roberto Mata, [Corpus] received hundreds of bee stings that required him to seek medical attention. [Corpus] was caused to suffer considerable personal injuries.

Corpus alleged the following specific negligent act: "Failing to use and/or operate the motor vehicle as a person of ordinary prudence would have maintained under the same or similar circumstances . . . ." Corpus prayed for damages in the form of past and future medical care and expenses, pain and suffering, and mental anguish.

2

The City filed its plea to the jurisdiction and motion to dismiss based on Corpus's pleadings alone, arguing that Corpus failed to plead facts waiving the City's governmental immunity under the TTCA because (1) the negligent actions he pled did not involve Mata's operation or use of a motor vehicle, and (2) there is no nexus between the operation or use of a motor vehicle by Mata, if any, and Corpus's injuries. Corpus responded to the City's plea. Neither the City nor Corpus incorporated evidence into their plea or response. After a hearing, the trial court denied the City's plea to the jurisdiction. This accelerated, interlocutory appeal followed. *See id.* § 51.014(a)(8) (Vernon 2008) (permitting the accelerated appeal of an interlocutory order "grant[ing] or den[ying] a plea to the jurisdiction by a governmental unit").

## II. STANDARD OF REVIEW AND APPLICABLE LAW

A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's jurisdiction over the subject matter of a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Parks & Wildlife Dep't v. Morris*, 129 S.W.3d 804, 807 (Tex. App.–Corpus Christi 2004, no pet.). Subject matter jurisdiction is a question of law; therefore, an appellate court reviews de novo a trial court's ruling on a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 226; *Morris*, 129 S.W.3d at 807.

Because immunity from suit defeats a trial court's subject-matter jurisdiction, it may be properly asserted in a jurisdictional plea. *Miranda*, 133 S.W.3d at 225-26. In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity. *Dallas Area Rapid Transit v. Whitley*,

3

104 S.W.3d 540, 542 (Tex. 2003). When a trial court's decision concerning a plea to the jurisdiction is based on the plaintiff's petition, we accept as true all factual allegations in the petition to determine if the plaintiff has met this burden. *Id.*; *Morris*, 129 S.W.3d at 807. We examine the pleader's intent and construe the pleading in plaintiff's favor. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002); *Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002) (per curiam). A plea to the jurisdiction may be granted without allowing the plaintiff to amend the pleading if the pleading affirmatively negates the existence of jurisdiction. *Brown*, 80 S.W.3d at 555; *Ramirez*, 74 S.W.3d at 867.

Under the doctrine of governmental immunity, a municipality is immune from tort liability from its own acts or the acts of its agents, unless the TTCA clearly and unambiguously waives immunity. *City of Amarillo v. Martin*, 971 S.W.2d 426, 427 (Tex. 1998). Relevant to this case, the TTCA waives immunity for property damage, personal injury, and death caused by the wrongful act or omission or negligence of an employee acting within the scope of his employment if the injury rises from operating or using a motor vehicle and the employee would be personally liable to the claimant according to Texas law. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1). "Operation" refers to "doing or performing of a practical work"; "use" is defined in the context of this statute as "put[ting] or bring[ing] into action or service; [] employ[ing] for or apply to a given purpose." *LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992) (citations omitted); *see Starkey v. Andrews*, 104 S.W.3d 626, 629 (Tex. App.–Tyler 2003, no pet.). The supreme court has interpreted the "arises from" requirement to mean that the vehicle's use "must have actually caused the injury." *Whitley*, 104 S.W.3d at 543

4

(internal quotations omitted). This causal nexus is not satisfied by the mere involvement of a vehicle nor by an operation or use that "does no more than furnish the condition that makes the injury possible." *Id.* (internal quotations omitted); *see City of Kemah v. Vela*, 149 S.W.3d 199, 204 (Tex. App.–Houston [14th Dist.] 2004, pet. denied); *Gill v. Tex. Dep't of Criminal Justice*, 3 S.W.3d 576, 581 (Tex. App.–Houston [1st Dist.] 1999, no pet.).

### III. DISCUSSION

By its sole issue, the City argues that the trial court erred in denying its plea to the jurisdiction because Corpus's petition failed to allege facts waiving the City's governmental immunity under the TTCA. Specifically, the City argues that the negligent act alleged by Corpus does not amount to the use or operation of a motor-vehicle as contemplated by section 101.021(1) and that the facts alleged do not show the requisite causal nexus because the presence of the animal control vehicle did no more than furnish the condition that made Corpus's injuries possible. We agree.

Corpus states in his amended petition that "[a]s a result of the [negligent] operation or use of [the City]'s motor-driven vehicle . . . [by Mata], [Corpus] received hundreds of bee stings . . . [and] . . . was caused to suffer considerable personal injuries." It is not enough, however, to merely state that the negligent act involved a motor-vehicle or that the use of the motor-vehicle caused the plaintiff's injury. *See Los Fresnos Consol., Indep. Sch. Dist. v. Southworth*, 156 S.W.3d 910, 915 (Tex. App.–Corpus Christi 2005, pet. denied) (citing *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001)) ("Mere reference to the TTCA does not establish consent to be sued and is therefore insufficient to confer jurisdiction on the trial court."). Instead, we look to the

substance of the complained-of actions, as alleged by the plaintiff in his petition. *See id.* (holding that we "must consider the particular facts of the case before us to determine whether" the claim alleged by the plaintiff falls within the limited scope of the TTCA's waiver of governmental immunity) (citation omitted). And the facts alleged here by Corpus belie his bald statement that his injuries were caused by Mata's use or operation of the animal control truck.

In his amended petition, Corpus alleged that Mata "recklessly opened" the door of the animal control truck "thereby allowing the bees to enter the vehicle and attack [Corpus]." We do not believe the opening of the truck door amounts to the vehicle doing or performing a practical work nor does opening the door bring the truck into action or service. *See LeLeaux*, 835 S.W.2d at 51. Rather, it is plain from the alleged facts that the truck was stationary and operating, at most, as a shelter for Corpus and Mata; as such, it was not in use or operation as a vehicle. *See Starkey*, 104 S.W.3d at 629 (reasoning that the bus from which a disabled student fell when school employees attempted to load him was not being used or operated within the meaning of the TTCA where it was merely the setting of the injury).

Further, the facts alleged by Corpus affirmatively negate that his injuries arose from that alleged use. As noted above, the animal control truck was not in operation; it was parked. Corpus was injured when the bees entered the cab of the truck where he happened to be sitting. Although we do not condone Mata opening the truck door and exposing a passenger not wearing protective gear to agitated bees, we nonetheless cannot conclude that Corpus's injuries resulted from the operation or the use of the truck. *See Vela*, 149 S.W.3d at 204 (holding that the stationary police car in which the plaintiff

was sitting did not cause her injuries when it was rear-ended by another car); *Gill*, 3 S.W.3d at 581 (holding that the prisoner plaintiff's injury did not result from the use or operation of the prison truck in which prisoner just happened to be standing when a tree stump rolled onto his leg). Under the facts of this case, the animal control truck did no more than furnish the condition that made Corpus's injuries possible. *See Whitley*, 104 S.W.3d at 543.

Because Corpus failed to allege facts showing that his injury arose from Mata's operation or use of a motor-vehicle, he failed to plead a waiver of the City's governmental immunity. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1); *see also Whitley*, 104 S.W.3d at 542. And based on the facts alleged, we conclude that the defect in Corpus's pleading is incurable. The negligent act alleged by Corpus—which involves the truck only as the site of the injury—affirmatively negates the existence of a cause of action that would waive the City's immunity and confer jurisdiction on the trial court. *See Brown*, 80 S.W.3d at 555; *Ramirez*, 74 S.W.3d at 867. The City's sole issue is sustained.

## IV. CONCLUSION

We reverse the order of the trial court and render judgment granting the City's plea to the jurisdiction and dismissing Corpus's claims with prejudice.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
19th day of May, 2011.

7