**Reversed and Rendered and Majority and Dissenting Opinions filed March 21, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00620-CV

### THE UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT HOUSTON, Appellant

### V.

### RUSSELL DESOTO AND JUDY DESOTO, Appellees

**On Appeal from the 152nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-61332**

## D I S S E N T I N G   O P I N I O N

I respectfully dissent. I would affirm the decision of the trial court denying UTHSCH's plea to the jurisdiction. The evidence raises at least a fact question[1] on

---

[1] "If the evidence raises a fact question on jurisdiction, the trial court cannot grant the plea, and the issue must be resolved by the trier of fact." *Univ. of Tex. at Austin v. Hayes*, 327 S.W.3d 113, 116 (Tex. 2010) (per curiam) (citing *Tex. Dep't of Wildlife v. Miranda*, 133 S.W.3d 217, 227–28 (Tex. 2004)).

the following jurisdictional issues:

- Judy suffered a personal injury (nicked ureter that lead to a loss of kidney);

- Dr. Malik used tangible personal property (a surgical instrument);

- Dr. Malik's use of a surgical instrument during the anterior lumbar interbody fusion proximately caused the nick to the ureter, and ultimately the loss of kidney; and

- Dr. Malik would, according to the DeSotos' expert witness, be liable as a private physician because he fell below the standard of care in responding to the initial ureter injury and such acts and omissions proximately caused Judy's loss of kidney.

As such, the DeSotos established the elements of waiver of immunity as set forth in the plain language of section 101.021[2] and so the trial court properly denied the plea.

The majority nonetheless reverses, holding that "*use*" in the statute actually means "*negligent use*" and, because the DeSotos do not allege that Malik negligently used the scalpel, UTHSC is immune. The plain language of Section 101.021 does not require that the "use" itself be negligent. The plain language of Section 101.021 does not require that "the governmental unit would, were it a private person, be liable to the claimant [*for such use*]." Because the majority's analysis of the Tort Claims Act is a departure from the plain language of the statute and is unprecedented in Texas jurisprudence,[3] I respectfully dissent.

---

[2] Section 101.021 waives governmental immunity when the "personal injury [is] caused by a condition or use of tangible personal . . . property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (West 2011).

[3] The cases relied upon by the majority are "analogous" factually, but none holds that use means "negligent use." Instead, these cases focus on whether the use of the medical instrument *caused the injury*. For example, in *Kamel*, the error of medical judgment—a decision to remove the testicle—preceded use of the scalpel, and so the court held that the scalpel did not proximately cause the injury. *Kamel v. Univ. of Tex. Health Sci. Ctr. at Houston*, 333 S.W.3d 676, 686 (Tex. App.—Houston [1st Dist.]

2

The Legislature's waiver of immunity under subsection (2) is limited by plain language in two distinct ways. First, the injury must be (a) caused by (b) a condition or use of tangible personal or real property. Second, there is still no waiver unless the governmental unit would be liable to the claimant under Texas law if it were a private person. So the majority's concern that, if "use" need not be "negligent use," there will be a waiver of immunity in every case in which a governmental surgeon uses medical instruments is unfounded. A private physician is not liable in every case in which he or she uses a scalpel. A private physician is liable for medical malpractice; that is, acts or omissions that constitute a departure from the accepted standard of care which proximately causes injury. A governmental physician is not liable for medical malpractice unless he or she also uses tangible personal property to cause the injury. Stated differently, the plain language of the statute shows that the Legislature's waiver of immunity for personal injury arising from governmental use of tangible personal property is already a subset of tort law; the waiver need not be judicially narrowed.

If the majority's interpretation of the statute is correct, a governmental physician is not liable for medical malpractice unless the principal act of malpractice *is* the use of tangible personal property. Under this interpretation, governmental physicians are all but immune as a matter of law. Moreover, as the majority's interpretation would be equally applicable beyond medical malpractice,[4]

2010, pet. denied). Precisely the same circumstance caused the Waco Court of Appeals in *Miers* to conclude that the decision to remove teeth, not the use of instruments, caused the injury. *See Miers v. Tex. A & M Univ. Sys. Health Sci. Ctr.*, 311 S.W.3d 577, 579–80 (Tex. App.—Waco 2009, no pet.). In this case, there is no error in medical judgment alleged before the injury. Thus, this case is not in the category of cases in which the tangible property is merely involved in or furnished the condition for the injury—it is the instrumentality. *See Dallas Cnty. Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 342–43 (Tex. 1998).

[4] The Tort Claims Act applies to all governmental units from the state and its agencies; to political subdivisions of the state such as school districts and water improvement districts; to emergency service organizations; and to "any other institution, agency, or organ of government the status and authority of which are derived from the Constitution of Texas or from laws passed by the legislature

3

and is not limited to subsection (2),[5] the ramifications of the majority's revision are incalculable.

The majority opinion takes a giant step in statutory interpretation where the Texas Supreme Court itself has been unwilling to take more than baby steps—and even then only because the Legislature has refused to assist. *See, e.g.*, *Lowe v. Tex. Tech Univ.*, 540 S.W.2d 297, 301 (Tex. 1976) (Greenhill, C.J., concurring) ("The purpose of this concurring opinion is to encourage the Legislature to take another look at the Tort Claims Act, and to express more clearly its intent as to when it directs that government immunity is waived."). After decades without legislative assistance, the Texas Supreme Court has held incrementally that "use" means "use" through the following bright lines:

(1)  use doesn't mean failure to use, *see Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 583 (Tex. 1996);

(2)  use doesn't mean nonuse, *see White*, 46 S.W.3d at 869–70; and

(3)  use doesn't mean allowing someone else to use, *see Cowan*, 128 S.W.3d at 246.

More than ten years ago, Justice Hecht declared his belief "that it is simply impossible for the courts to meaningfully construe and consistently apply the use-of-property standard in the Tort Claims Act." *Tex. Dep't of Crim. Justice v. Miller*, 51 S.W.3d 583, 591 (Tex. 2001) (Hecht, J., concurring). One consistency emerges from the entire body of Texas Tort Claims Act jurisprudence: Texas courts have

---

under the constitution." TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3) (West 2011).

[5] The Texas Supreme Court instructs that "use" is to be construed the same whether a court is interpreting subsection (1) or subsection (2). *See Tex. Nat'l Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 870 n.2 (Tex. 2001); *see also San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 246 n.9 (Tex. 2004).

never interpreted "use" to mean "negligent use"—until today.

/s/    Sharon McCally
Justice

Panel consists of Justices Boyce, McCally, and Donovan.  (Donovan, J. , majority).