# NO. 12-18-00270-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT TYLER, APPELLANT* | *§* | *APPEAL FROM THE 114TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *NORMA LYNN SMITH, APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

The University of Texas Health Science Center at Tyler (UTHSC) appeals from the trial court's denial of its plea to the jurisdiction in Norma Lynn Smith's negligence action.[1] In its sole issue, UTHSC contends the trial court erred in denying the plea because Smith's pleading does not demonstrate that UTHSC waived immunity to suit. We reverse and render judgment dismissing Smith's claims for want of jurisdiction.

### BACKGROUND

Dr. Steven Cox, an employee of UTHSC, surgically removed Smith's gall bladder. She experienced post-operative complications. Smith sued UTHSC for medical negligence, alleging waiver of immunity for injuries caused by use and/or misuse of tangible personal property, an electrocautery instrument.

UTHSC filed a plea to the jurisdiction asserting that Smith's petition fails to establish a waiver of UTHSC's sovereign immunity as required by the Texas Tort Claims Act[2] and moved

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2018).

[2] TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001-101.109 (West 2019).

for a dismissal for want of subject matter jurisdiction.[3] After a hearing, the trial court denied the plea. UTHSC appealed the interlocutory order.

**JURISDICTION**

In its sole issue, UTHSC asserts that Smith's petition does not establish that UTHSC waived its sovereign immunity. It argues that Smith alleged that her post-operative complications were proximately caused by Dr. Cox's use/misuse of an electrocautery instrument but does not establish that he used or misused any surgical instrument in a negligent manner or that he damaged her biliary system. It further argues that Smith's allegation that Dr. Cox failed to repair the injury is an allegation of non-use of property which is not actionable under the statute. Additionally, UTHSC asserts that Smith's allegation that Dr. Cox negligently performed a surgery that was not medically indicated is an allegation of an error in medical judgment which is not actionable under the statute.

**Standard of Review**

Subject matter jurisdiction is essential to the authority of a court to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of a specific cause of action. *Starkey ex rel. Ragsdale v. Andrews Ctr.*, 104 S.W.3d 626, 628 (Tex. App.−Tyler 2003, no pet.). If a party believes that the plaintiff's petition does not show jurisdiction and cannot be amended to allege jurisdiction, the party may file a plea to the jurisdiction at any time. *Id*.

Because subject matter jurisdiction presents a question of law, we review the trial court's ruling on a plea to the jurisdiction de novo. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). In reviewing a plea to the jurisdiction, we review the pleadings and any evidence relevant to the jurisdictional issue. *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). We accord the trial court's decision no deference. *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998). We construe the plaintiff's pleadings liberally in the plaintiff's favor and look to the pleader's intent. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We take as true all evidence favorable to the non-movant and indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Id*. at 228.

---

[3] After UTHSC filed its plea to the jurisdiction and a supplemental plea to the jurisdiction, Smith filed her first amended petition. Thereafter, UTHSC filed a second supplemental plea to the jurisdiction.

**Applicable Law**

Pursuant to the doctrine of sovereign immunity, the State of Texas cannot be sued in her own courts without her consent and then only in the manner indicated by that consent. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 (Tex. 2003). Absent the State's consent to suit, a trial court lacks subject matter jurisdiction. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (per curiam). The Texas Tort Claims Act provides a limited waiver of immunity, allowing suits against governmental units under certain, narrowly defined circumstances. *Miller*, 51 S.W.3d at 587. The Act provides that a governmental unit is liable for personal injuries caused by a condition or use of tangible personal property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law. TEX. CIV. PRAC. & REM. CODE ANN. § 01.021(2). The Act also waives immunity from suit to the same extent. *Id*. § 101.025(a); *Miller*, 51 S.W.3d at 587.

Pleadings in a suit against a governmental unit must affirmatively demonstrate, either by reference to a statute or express legislative permission, that the legislature consented to the suit. *Jones*, 8 S.W.3d at 638. To state a claim involving the use of nondefective property, a plaintiff must allege the property was used or misused by a government employee. *See Lacy v. Rusk State Hosp.*, 31 S.W.3d 625, 629 (Tex. App.−Tyler 2000, no pet.). The plaintiff must allege that her injury was proximately caused by the use of tangible personal property. *See Dallas Cty. Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 342-43 (Tex. 1998); *see also Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542-43 (Tex. 2003). Claims involving the failure to use, or the non-use of property, do not waive sovereign immunity. *Miller*, 51 S.W.3d at 587. That some property is merely involved is not enough. *Id*. at 588. Using that property must have actually caused the injury. *Id*. Allegations involving the misuse of information or medical judgment, without more, are insufficient to waive immunity. *Id*. at 589; *Univ. of Tex. Med. Branch at Galveston v. York*, 871 S.W.2d 175, 179 (Tex. 1994).

**Analysis**

Relying on a trial court scheduling order, Smith initially argues that UTHSC's plea to the jurisdiction was not timely filed. The argument has no merit. Subject matter jurisdiction is never presumed and cannot be waived. *Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 448 n.2 (Tex. 1996). A plea to the jurisdiction may be filed at any time. *Starkey ex rel. Ragsdale*, 104 S.W.3d at 628.

In her first amended petition, Smith alleged that Dr. Cox damaged her biliary system through the use and/or misuse of an electrocautery instrument. She more specifically alleged that he was negligent in damaging the biliary system, performing a surgery that was not medically indicated, and failing to repair the damage to the biliary system.

Smith's expert, Dr. Lawrence Boyle, testified by deposition that he reviewed Smith's records. Because the pathology report did not state that there were signs of acute or chronic inflammation in the gallbladder wall, he believed it was a normal gallbladder. He also stated that Smith's medical history was not diagnostic for gallbladder disease, and the preoperative workup was inadequate and insufficient to subject her to the surgery. He explained that the ultrasound revealed there were no inflammatory changes, it was a normal thickness, there was no fluid, and there was possibly a two-millimeter polyp on the wall of the gallbladder. Many of her symptoms were not specific to the gallbladder. He stated that Dr. Cox had only subjective circumstantial evidence, no objective evidence. He testified that the gallbladder surgery was unnecessary. When asked if he found "any operative issues with the surgery itself" he responded that the only issue he had was that the surgery was unnecessary. He also testified that he had no issues with the postoperative care and management of the bile leak. He explained there are "mainly three etiologies of a bile leak," two of which can occur in the absence of injury. He never made a determination as to the source of the leak. His subsequent affidavit reiterated his conclusion that there was no medical indication to operate on Smith.

Dr. Cox testified that Smith had classic symptoms of cholecystitis, inflammation of the gallbladder, so he performed surgery to remove the gallbladder. Smith developed a post-surgical leak of bile. To the best of his knowledge, the leak came from the gallbladder fossa, the area where the gallbladder had been attached to the liver. He testified that there was no leak from any other structure and no evidence of any form of injury.

We first address Smith's allegations that Dr. Cox was negligent in damaging the biliary system and failing to repair that damage. Dr. Boyle did not determine the source of the bile leak. He had no complaint about how the surgery was performed. Further, two of the three most common causes of post-surgical bile leaks are not caused by injury. Dr. Cox explained that the gallbladder is dissected from the liver creating a raw surface which, in a small number of patients, "will leak in the natural course of things in gallbladder surgery." He testified that there was no evidence of any surgical injury and that the leak was not caused by an injury. While he addressed

4

the post-surgery leak with drainage, he stated that "the body just heals," and nothing required repairs.

For waiver to occur, the alleged injury must be caused by the manner in which property was used. *Miller*, 51 S.W.3d at 588. There is no evidence that Dr. Cox negligently used the electrocautery instrument in the surgery. The fact that tangible personal property was used during the procedure does not establish that its use was the proximate cause of Smith's alleged injury. *See Kamel v. Univ. of Tex. Health Sci. Ctr. at Houston*, 333 S.W.3d 676, 686 (Tex. App.−Houston [1st Dist.] 2010, pet. denied).

The only evidence on the source of the leak indicates that use of the electrocautery instrument to remove the gallbladder did nothing more than furnish the condition that made the bile leak possible. For purposes of determining if a waiver of immunity has occurred, property does not cause injury if it does no more than furnish the condition that makes injury possible. *Bossley*, 968 S.W.2d at 343. Therefore, Smith has not shown a nexus between the alleged injury, the bile leak, and the use of an electrocautery instrument. *Miller*, 51 S.W.3d at 588. Further, an allegation of the failure to repair damage is an allegation of the non-use of property which does not satisfy the statute. *Id*. at 587.

Additionally, Smith pleaded that Dr. Cox performed a surgery to remove her gallbladder, using tangible personal property, "which was not medically indicated." This allegation focused on the determination to perform surgery. In their respective depositions, Dr. Cox and Dr. Boyle considered Smith's medical history and symptoms and the pre-operative testing. Based on their expertise as trained physicians, in the exercise of medical judgment, the two doctors reached opposing conclusions regarding the necessity of the surgery.

Whether surgery is indicated is determined by medical judgment, and that determination did not involve the use of an electrocautery instrument. Errors in medical judgment do not waive immunity under the Act. *Miller*, 51 S.W.3d at 588 (concluding hospital did not waive immunity for failing to use different drugs to treat meningitis when passage of time and error in medical judgment resulted in death); *see also Kamel*, 333 S.W.3d at 686 (held that crux of plaintiff's claim is the surgeon made an erroneous medical judgment in determining that patient's testicle needed to be removed, and allegations do not fall within limited waiver of the Act); *Miers v. Tex. A&M Univ. Sys. Health Sci. Ctr.*, 311 S.W.3d 577, 580 (Tex. App.−Waco 2009, no pet.) (held there is

5

no waiver of sovereign immunity where plaintiff's complaint arose from oral surgeon's decision to remove additional teeth).

Accordingly, Smith's allegation that Dr. Cox removed her gallbladder unnecessarily is an allegation of an error in medical judgment, and her pleading does not demonstrate that UTHSC waived its sovereign immunity. Therefore, the trial court erred in denying the plea to the jurisdiction. *See Jones*, 8 S.W.3d at 638. We sustain UTHSC's sole issue.

## DISPOSITION

Having determined that UTHSC did not waive sovereign immunity, we *reverse* the trial court's order and *render* judgment that UTHSC's plea to the jurisdiction is *granted* and the cause is *dismissed*, with prejudice, for want of jurisdiction. *See Harris Cty. v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004) (held that where plaintiff has been provided a reasonable opportunity to amend after a governmental entity files its plea to the jurisdiction, and the amended pleading does not allege facts that would constitute a waiver of immunity, the trial court should dismiss the action with prejudice).

GREG NEELEY
Justice

Opinion delivered April 30, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 30, 2019**

**NO. 12-18-00270-CV**

**UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT TYLER,**
Appellant
V.
**NORMA LYNN SMITH,**
Appellee

---

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 16-0813-B)

---

THIS CAUSE came to be heard on the oral arguments, appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that there was error in the trial court's order denying the University of Texas Health Science Center at Tyler's plea to the jurisdiction.

It is therefore ORDERED, ADJUDGED and DECREED by this court that the trial court's order denying the University of Texas Health Science Center at Tyler's plea to the jurisdiction be, and the same is, hereby **reversed** and judgment is **rendered** granting the plea to the jurisdiction and **dismissing** Norma Lynn Smith's claims against University of Texas Health Science Center at Tyler, with prejudice, for want of jurisdiction. It is further ORDERED that all costs in this cause expended in this court be, and the same are, hereby adjudged against the Appellee, **NORMA LYNN SMITH**, for which let execution issue; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*