# NO. 12-19-00032-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CITY OF DALLAS, A SELF-INSURED EMPLOYER,* <br> *APPELLANT/CROSS-APPELLEE* | § | *APPEAL FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *GREGORY D. THOMPSON,* <br> *APPELLEE/CROSS-APPELLANT* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

This is an interlocutory appeal from the trial court's ruling on City of Dallas's plea to the jurisdiction filed in Dallas's suit for judicial review of a final decision and order of the Texas Department of Insurance, Division of Workers' Compensation (DWC). The plea to the jurisdiction complains of counterclaims filed by Gregory D. Thompson, a past employee who claimed workers' compensation benefits.

Dallas and Thompson each appeal the portions of the trial court's ruling on Dallas's plea to the jurisdiction that are adverse to that party. In two issues, Dallas asserts that the trial court lacks jurisdiction over Thompson's counterclaims because he failed to timely file them, making the administrative rulings on his workers' compensation claim final as a matter of law. In one issue, Thompson asserts the trial court erred in granting Dallas's plea to the jurisdiction as to his counterclaim for attorney's fees. We affirm.

## BACKGROUND

A DWC hearing officer determined that Thompson sustained a compensable injury while employed by Dallas, a self-insured employer, and ordered Dallas to pay benefits. Dallas's administrative appeal resulted in finality of the hearing officer's decision and order. Dallas filed

suit for judicial review of the hearing officer's determinations and final decision of the DWC. Thompson filed counterclaims complaining of the DWC's determination that Dallas's notice of denial of compensability was sufficient to contest compensability of the claimed injury and its determination that Thompson did not have good cause for failing to file a claim within one year of the injury. Thompson also requested attorney's fees.

Dallas filed a plea to the jurisdiction by which it challenged the trial court's jurisdiction over Thompson's counterclaims. The trial court denied the plea as to Thompson's complaints regarding sufficiency of the notice to contest compensability and the good cause and timely filing issues. The trial court sustained the plea as to Thompson's counterclaim for an award of attorney's fees. Each side filed a notice of interlocutory appeal.[1]

## PLEA TO THE JURISDICTION

Subject matter jurisdiction is essential to the authority of a court to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of a specific cause of action. *Starkey ex rel. Ragsdale v. Andrews Ctr.*, 104 S.W.3d 626, 628 (Tex. App.–Tyler 2003, no pet.). If a party believes that the plaintiff's petition does not show jurisdiction and cannot be amended to allege jurisdiction, the party may file a plea to the jurisdiction at any time. *Id*.

Because subject matter jurisdiction presents a question of law, we review the trial court's ruling on a plea to the jurisdiction de novo. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). In reviewing a plea to the jurisdiction, we review the pleadings and any evidence relevant to the jurisdictional issue. *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). We accord the trial court's decision no deference. *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998).

### Timeliness

In its two issues, Dallas asserts the trial court erred by not granting the plea to the jurisdiction based on Thompson's failure to timely file his counterclaims regarding the sufficiency of Dallas's notice of denial of compensability and regarding his good cause for failing to file a claim for compensation with the DWC within one year of the injury. Dallas argues that the trial court has no jurisdiction because Thompson failed to seek judicial review of his counterclaims

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2018).

within forty-five days after the date the DWC mailed the appeals panel decision to the parties as required by the labor code.

Section 410.252 of the labor code provides that a party seeking judicial review must file suit not later than the forty-fifth day after the date on which the DWC mailed the party the decision of the appeals panel. TEX. LAB. CODE ANN. § 410.252 (West 2015). Dallas asserts that Thompson filed his counterclaims twenty-two days late and therefore the trial court does not have jurisdiction to hear the counterclaims. Dallas relies on numerous intermediate appellate court cases holding that the labor code's forty-five day deadline is mandatory and jurisdictional. *See e.g. Davis v. Am. Cas. Co. of Reading, Pa.*, 408 S.W.3d 1, 6 (Tex. App.–Amarillo 2012, pet. denied), *overruled by Tex. Mut. Ins. Co. v. Chicas*, No. 17-0501, 2019 WL 1495202 (Tex. April 5, 2019).

Recently, after the briefs were filed in this case, the supreme court addressed this exact issue. Explicitly overruling the line of cases on which Dallas relies, the supreme court held that the forty-five day deadline to file suit for judicial review of an appeals-panel decision in Section 410.252(a) is not jurisdictional. 2019 WL 1495202, at *6. Therefore, the trial court did not err in denying the portion of Dallas's plea to the jurisdiction complaining that Thompson's counterclaims are not timely. We overrule Dallas's first and second issues.

**Governmental Immunity**

In his cross point, Thompson asserts that the trial court erred in granting Dallas's plea to the jurisdiction as to Thompson's counterclaim for attorney's fees. He argues that the legislature intended that municipalities are to be held liable for attorney's fees pursuant to Texas Labor Code Section 408.221(c). *See* TEX. LAB. CODE ANN. § 408.221(c) (West 2015). Dallas, as it asserted in its plea to the jurisdiction, relies on the doctrine of governmental immunity to avoid Thompson's claim for attorney's fees.

Governmental immunity is a common-law doctrine that derives from the sovereign immunity that shields the State, its agencies, and its officials. *City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011). It protects subdivisions of the State, including municipalities and school districts. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 n.2 (Tex. 2008). Governmental immunity deprives courts of subject matter jurisdiction over suits brought against governmental units and their agents unless the State consented to suit through legislative waiver of that immunity. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694-95 (Tex. 2003).

3

We agree with Dallas. In filing its petition, Dallas availed itself of its statutory right to challenge Thompson's award by pursuing an appeal of the administrative decision to district court. Dallas's decision to challenge in court the administrative award of benefits to Thompson did not result in a loss of Dallas's governmental immunity from Thompson's claim for attorney's fees. *Manbeck v. Austin Indep. Sch. Dist.*, 381 S.W.3d 528, 533 (Tex. 2012) (per curiam).

Thompson submits that *Manbeck* should be restricted to the specific facts in that case and not applied to municipalities or under the facts of this case. *Manbeck* applies the doctrine of governmental immunity to a school district. The doctrine of governmental immunity protects subdivisions of the State, including municipalities and school districts. *Garcia*, 253 S.W.3d at 655 n.2. In *Manbeck*, the injured employee prevailed in the administrative phase and in the appeal to the district court. The school district asserted that it was immune to the award of attorney's fees against it. In considering whether the labor code waives governmental immunity, the supreme court noted that the school district did not bring an affirmative claim for money damages but merely challenged the employee's award of monetary relief. The supreme court concluded that doing so did not result in a loss of the school district's immunity. *Manbeck*, 381 S.W.3d at 533. Nothing about the facts of this case makes the *Manbeck* rationale inapplicable here. We overrule Thompson's sole cross point.

## DISPOSITION

Finding no error in the trial court's rulings on Dallas's plea to the jurisdiction, we *affirm* the trial court's order.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered June 28, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

## JUNE 28, 2019

### NO. 12-19-00032-CV

**CITY OF DALLAS, A SELF-INSURED EMPLOYER,**
Appellant/Cross-Appellee
V.
**GREGORY D. THOMPSON,**
Appellee/Cross-Appellant

---

Appeal from the 173rd District Court

of Henderson County, Texas (Tr.Ct.No. CV17-0187-173)

---

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order sustaining in part and denying in part the City of Dallas, a Self-Insured Employer's plea to the jurisdiction.

It is therefore ORDERED, ADJUDGED and DECREED that the order of the court below **be in all things affirmed**. It is further ORDERED that each party bear its own costs in this cause expended in this court; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*