Steven MURK, M.D. and Gary
M. Flangas, M.D.

v.

Brian SCHEELE and Cindi Scheele.

No. 01–0205.

Supreme Court of Texas.

Nov. 7, 2003.

Christopher John Deeves, Cynthia Day
Grimes, Ruth G. Malinas, Ball & Weed,
P.C., San Antonio, Christopher James Carlin, for petitioners.

Gavin H. McInnis, Jacobson, McInnis & Wilson, L.L.P., Sugar Land, Dale Hicks, for respondents.

PER CURIAM.

Under the Texas Tort Claims Act, a person is not an employee of a governmental unit if the person "performs tasks the details of which the governmental unit does not have the legal right to control."[1] The principal question in this case is whether a physician who exercises independent judgment in treating patients can be an employee of a governmental unit within the meaning of the Act. We answer in the affirmative and accordingly reverse the judgment of the court of appeals in part.[2]

Brian Scheele fell from his horse and sustained serious head and back injuries. He was taken to University Hospital, a public teaching hospital for indigent patients that is owned and operated by the Bexar County Health District and staffed with medical faculty, residents, and students of the University of Texas Health Science Center ("UT"). Scheele was treated by Dr. Steven Murk, a neurosurgeon on UT's faculty, and by Dr. Gary Flangas, a UT graduate medical student and chief neurosurgery resident at the Hospital. When he was discharged, Scheele was unable to walk. Several months later, another doctor performed spinal decompression surgery, which allowed some neurological improvement, although he remains confined to a wheelchair.

Scheele and his wife sued UT, Murk, and Flangas, alleging that the decompression surgery should have been performed within seven days of Scheele's injury, while he remained in their care, and that if it had been, he would not be a functional paraplegic. UT, a governmental unit, moved for summary judgment on the ground that it was immune from suit, and the trial court granted the motion and severed the judgment, making it final. The Scheeles did not appeal. Murk and Flangas then moved for summary judgment based in part on section 101.106 of the Texas Tort Claims Act, which provides that "[a] judgment in an action ... under [the Act] bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim."[3] Section 101.001(2) of the Act defines "employee" as follows:

"Employee" means a person, including an officer or agent, who is in the paid service of a governmental unit by competent authority, but does not include an independent contractor, an agent or employee of an independent contractor, or a person who performs tasks the details of which the governmental unit does not have the legal right to control.[4]

The trial court granted their motion.

A divided court of appeals reversed, concluding in part that neither physician had conclusively established that he was UT's employee.[5] Flangas, the court held, had not proved that he was in UT's "paid service" within the meaning of section 101.001(2).[6] And while Murk was undisputedly in UT's "paid service", the court held that his acknowledgment that treatment of patients required independent judgment precluded him from establishing

1. TEX. CIV. PRAC. & REM. CODE § 101.001(2).

2. 121 S.W.3d 1, 2001 WL 99882 (Tex.App.-San Antonio 2001).

3. TEX. CIV. PRAC. & REM. CODE § 101.106.

4. Id. § 101.001(2).

5. 121 S.W.3d 1, 2001 WL 99882.

6. Id. at 3, 2001 WL 99882 at *1.

that UT had the legal right to control the details of his work.[7] The court remanded the case for further proceedings.

█ Here, Murk and Flangas argue only that they are entitled to summary judgment under section 101.106. Flangas was paid by the District. The only monetary benefit UT provided him was medical professional liability insurance coverage,[8] and the District reimbursed UT for the cost of that coverage. Thus, no part of Flangas's compensation was ultimately paid by UT, and he therefore cannot be said to have been in UT's "paid service".[9] The court of appeals correctly concluded that Flangas was not entitled to summary judgment as an employee of UT.

█ The Scheeles concede that Murk was compensated entirely by UT and was thus in its "paid service". They argue, however, as the court of appeals held, that Murk's exercise of independent professional judgment as a treating physician was outside UT's right of control, thereby excluding him from the statutory definition of "employee". This argument sweeps far too broadly. The Act's definition of "employee" does not require that a governmental unit control *every* detail of a person's work. The operator of a motor vehicle, for example, must exercise independent judgment, but this does not mean that he or she cannot be considered an employee under the Act. If it did, a governmental unit could never be "liable for ... injury ... proximately caused by ... the negligence of an employee ... aris[ing] from the operation or use of a motor-driven vehicle",[10] even though sec-

tion 101.021(1) of the Act provides for such liability. Similarly, a physician whose practice is controlled by a governmental unit is not precluded from being an "employee" within the meaning of the Act simply because he or she must exercise some independent medical judgment.

Murk practiced only for UT as a member of UT's faculty. All of his compensation came from UT. Most importantly, his medical decisions in the treatment of patients were subject to regimens prescribed by UT (such as required daily rounds), faculty supervision and review, and in some instances, veto by UT's senior faculty. While the nature of his practice as a physician required him to make many medical decisions using his own professional judgment, the necessity for that judgment did not, by itself, vitiate UT's right to control the details of his practice.[11] The trial court correctly granted summary judgment for Murk.

Accordingly, we grant Murk and Flangas's petition for review and without hearing oral argument,[12] reverse the court of appeals' judgment regarding Murk, render judgment that the Scheeles take nothing from Murk, and affirm the remainder of the judgment remanding the Scheeles' claims against Flangas to the trial court for further proceedings.

---

7. *Id.* at 4, 2001 WL 99882 at *2.

8. *See* TEX. EDUC. CODE §§ 59.01–.08.

9. *See Harris County v. Dillard*, 883 S.W.2d 166, 167 (Tex.1994) (holding that a volunteer reserve deputy sheriff is not in the county's "paid service" because he is not paid).

10. TEX. CIV. PRAC. & REM. CODE § 101.021(1)(A).

11. *See St. Joseph Hosp. v. Wolff*, 94 S.W.3d 513, 542 (Tex.2002); *Dalehite v. Nauta*, 79 S.W.3d 243, 245–46 (Tex.App.-Houston [14th Dist.] 2002, pet. denied).

12. TEX. R. APP. P. 59.1.