COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





EL PASO COUNTY,

                            Appellant,

v.
 

LAURA SOLORZANO, INDIVIDUALLY
AND AS NEXT FRIEND OF DANIEL
REYES, A MINOR
 
                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-10-00071-CV

Appeal from the

205th Judicial District Court

of El Paso County, Texas 

(TC#2008-777) 





O P I N I O N

            This is an interlocutory appeal by the County of El Paso from the denial of its plea to the
jurisdiction of Laura Solorzano’s claims under the Texas Tort Claims Act, the Fourth and
Fourteenth Amendments of the U.S. Constitution, and 42 U.S.C. § 1983 for personal injury.
            In February 2006, Daniel Reyes was a participant in the Samuel F. Santana Challenge
Boot Camp Program while under the custody of the El Paso County Juvenile Probation
Department (“the Department”).


 On March 6, 2006, Mr. Reyes reported to Challenge Officer
Kanaan Pitts that Challenge Officer Jesus LeGrande struck him in the back with a cell door seven
to nine days earlier. When the incident occurred, Officer LeGrande was under the Department’s
employ, but he resigned shortly afterwards. On March 6, 2006, the Department’s facility nurse
provided Mr. Reyes with a medical assessment, and he was then taken to Thomason Hospital. 
The Hospital notified Laura Solorzano, Mr. Reyes’ mother, of his injury that day.
            On February 25, 2008, Ms. Solorzano filed suit individually and on behalf of her minor
son, Mr. Reyes, against El Paso County (“the County”), arguing that the February 2006 incident
resulted in “serious injuries” to various parts of Mr. Reyes’ body. Ms. Solorzano alleged that the
perpetrator was an agent, servant, representative, or employee of the County, and was acting
within the scope of his employment when he committed the alleged act. In her petition,
Ms. Solorzano alleged that Officer LeGrande was negligent in various respects when he closed
the door to Mr. Reyes’ cell, and that the County was negligent in the officer’s hiring, supervision,
and training, among other things. Ms. Solorzano also claimed that she had incurred medical care
expenses on behalf of Mr. Reyes. She brought her claims under the Texas Tort Claims Act,
arguing that the County’s negligence in “the use, misuse, or failure to use tangible pieces of
property while closing the jail cell door” resulted in its waiver of sovereign immunity, and that
the County received actual notice of the incidents in question. She asserted that the County’s
refusal to provide Mr. Reyes with reasonable medical care after his injuries, as well as its failure
to take preventative or remedial measures to guard against the alleged misconduct, violated his
civil rights and Constitutional rights under the Fourth and Fourteenth Amendments and 42
U.S.C. § 1983.
            After filing its answer, the County filed a plea to the jurisdiction to challenge the trial
court’s subject-matter jurisdiction, arguing primarily that Ms. Solorzano failed to plead a cause
against the County because an employee of the El Paso Juvenile Probation Department is not an
employee of the County. Ms. Solorzano then filed a response to the County’s plea, and attached
to it affidavits by her and Mr. Reyes, photographs of the facility and cell where Mr. Reyes was an
inmate, an incident report regarding the alleged incident, an investigation report of the alleged
abuse, Mr. Reyes’ complaint, an El Paso County Juvenile Probation Department memorandum to
all Challenge Program staff, as well as a Texas Juvenile Probation Commission’s notice of
investigation findings. The court denied the County’s plea. The County now makes the instant
interlocutory appeal to challenge that denial.
            In its sole issue, the County contends the trial court erred in denying its plea to the
jurisdiction. A plea to the jurisdiction based on governmental immunity is a challenge to the trial
court’s subject-matter jurisdiction. State v. Holland, 221 S.W.3d 639, 642 (Tex. 2007). Because
such a challenge presents a question of law, we review a court’s ruling on a plea to the
jurisdiction de novo. Holland, 221 S.W.3d at 642. The pleadings are the central focus of such a
review, and they will be construed in the plaintiff’s favor, with an eye toward the pleader’s intent. 
See Tex. Dept. of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). We will
consider the pleadings, and any evidence relevant to the jurisdictional issue presented, without
regard to the merits of the case itself. Miranda, 133 S.W.3d at 226. Our primary inquiry is
whether the plaintiff’s pleadings allege facts sufficient to demonstrate that jurisdiction exists. 
Holland, 221 S.W.3d at 642–43.
            Absent the unit’s consent, governmental immunity deprives a trial court of subject-matter
jurisdiction over suits against the State, and certain governmental entities. Miranda, 133 S.W.3d
at 224. The Texas Tort Claims Act (“TTCA”) provides a limited waiver of governmental
immunity, under which a governmental unit’s immunity from suit exists side-by-side with its
immunity from liability. See Tex.Civ.Prac.&Rem.Code Ann. §§ 101.001–101.109 (West 
2011); Miranda, 133 S.W.3d at 224–25. As the standard of review reflects, it is the plaintiff’s
burden to demonstrate a waiver of governmental liability provided by the TTCA. Dallas Area
Rapid Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003). To determine whether the plaintiff
has met its burden, we consider the facts alleged in the petition, and to the extent it is relevant to
the jurisdictional question presented, evidence submitted by the parties. Id.
            The first argument the County raises is that the court erred in not granting the County’s
plea to the jurisdiction because the proper defendant should be the El Paso County Juvenile
Board, which it claims to be a separate entity apart from the County, and so the trial court lacked
subject-matter jurisdiction over this case. Although the County concedes that El Paso Juvenile
Probation Department personnel are paid by and receive certain employment benefits from
El Paso County, it contends that because the County does not have the legal right to control and
supervise the details of juvenile probation personnel such as Officer LeGrande, these personnel
are not County employees. In response, Ms. Solorzano contends the County failed to offer any
evidence at trial to support its arguments, whereas she offered ample evidence to contradict the
County’s assertions. Ms. Solorzano asserts that she presented evidence at trial to show that
Mr. Reyes was an inmate at a County facility when he was injured, that the cell door which
caused his injuries was owned and maintained by the County, and that Mr. Reyes was in the
County’s custody when he was injured. On the other hand, according to Ms. Solorzano, the
County did not present any evidence “as to how, why, or by what entity” the El Paso Juvenile
Probation Department was created, “nor as to any of the other allegations” made by the County.
            At the outset, we recognize that no Texas court of appeals has directly addressed whether
the El Paso Juvenile Probation Department is a separate entity apart from El Paso County. 
Therefore, we are presented with a matter of first impression. In conducting our analysis, we will
first review the relevant statutory provisions before turning to Texas Attorney General’s
opinions, which although are not binding on an appellate court, are considered persuasive. 
Comm’rs Court of Titus County v. Agan, 940 S.W.2d 77, 82 (Tex. 1997).
            Under certain circumstances, the State or a governmental unit of the State is liable for
personal injuries caused “by a condition or use of tangible personal or real property if the
governmental unit would, were it a private person, be liable to the claimant according to Texas
law.” Tex.Civ.Prac.&Rem.Code Ann. § 101.021(2). “Employee,” as defined by the TTCA,
means a person, including an officer or agent, who is in the paid service of a governmental unit
by competent authority, but does not include an independent contractor, an agent or employee of
an independent contractor, or a person who performs tasks the details of which the governmental
unit does not have the legal right to control. Tex.Civ.Prac.&Rem.Code Ann. § 101.001(2). 
Under the TTCA, a person is not an employee of a governmental unit if the person “performs
tasks the details of which the governmental unit does not have the legal right to control.” See
Murk v. Scheele, 120 S.W.3d 865, 866 (Tex. 2003), quoting Tex.Civ.Prac.&Rem.Code Ann.
§ 101.001(2). The statutory definition requires “control and paid employment to invoke the Tort
Claim Act’s waiver of immunity.” Adkins v. Furey, 2 S.W.3d 346, 348 (Tex.App.--San Antonio
1999, no pet.).
            The juvenile board of El Paso County (“the Board”) is composed of the county judge,
each family district judge, each juvenile court judge, up to five judges on the El Paso County of
Judges elected by a majority vote of the council, a municipal judge selected by the chairman of
the board, and a justice of peace selected by the chairman of the board.


 Tex.Hum.Res.Code
Ann. § 152.0771(a). The Board is statutorily obligated to:
(1)establish a juvenile probation department and employ a chief probation
officer who meets the standards set by the Texas Juvenile Probation
Commission; and
 
(2)adopt a budget and establish policies, including financial policies, for
juvenile services within the jurisdiction of the board.

Tex.Hum.Res.Code Ann. § 152.0007(a)(West Supp. 2010). “Juvenile probation services”
encompass “services provided by or under the direction of a juvenile probation officer in
response to an order issued by a juvenile court and under the court’s direction,” as well as
“services provided by a juvenile probation department that are related to the operation of a
preadjudication or post-adjudication juvenile facility.” Tex.Hum.Res.Code Ann. § 142.001. 
The Texas Juvenile Probation Commission sets minimum standards for personnel, staffing, case
loads, programs, facilities, record keeping, equipment, and other aspects of the Board’s
operations, which “are necessary to provide adequate and effective probation services.” 
Tex.Hum.Res.Code Ann. § 141.042.
            With the commissioners court’s advice and consent, the Board hires probation officers
and other personnel “necessary to provide juvenile probation services according to the standards
established by the Texas Juvenile Probation Commission and the local need as determined by the
juvenile board.” Tex.Hum.Res.Code Ann. § 142.002. Furthermore, the Board “may, with the
advice and consent of the commissioners court, designate the titles of the employees and set their
salaries.” Tex.Hum.Res.Code Ann. § 142.002. The commissioners court is statutorily
obligated to pay the salaries of juvenile probation personnel “and other expenses certified as
necessary by the juvenile board chairman from the general funds of the county.” 
Tex.Hum.Res.Code Ann. § 152.0004. Juvenile probation personnel are considered state
employees for the purposes of governmental liability under Chapter 104 of the Civil Practice and
Remedies Code. Tex.Hum.Res.Code Ann. § 142.004(b).
            The El Paso Juvenile Probation Department is funded with both county and state funds. 
See Tex.Hum.Res.Code Ann. §§ 141.081, 141.084, 152.0004, 152.0005, 152.0012; see Local
Gov’t Code Ann. § 111.094 (West 2008). Section 152.0012 of the Code provides:
The juvenile board shall prepare a budget for the juvenile probation
department and the other facilities and programs under the jurisdiction of the
juvenile board. The commissioners court shall review and consider only the
amount of county funds derived from county taxes, fees, and other county sources
in the budget. The commissioners court may not review any part of the budget
derived from state funds.

Tex.Hum.Res.Code Ann. § 152.0012. As such, the commissioners court’s authority over the
Department’s budget is limited. See id. Under Section 140.003 of the Local Government Code,
the Department is a “specialized local entity” that is required to deposit funds it receives in the
county treasury.


 Local Gov’t Code Ann. § 140.003(a), (f). It is also subject to the purchasing
requirements applicable to the county under subchapter C of Chapter 262 of the Local
Government Code. Local Gov’t Code Ann. § 140.003(b).
            Section 152.0772 of the Human Resources Code provides for El Paso County Institutions
specifically. The El Paso County Juvenile Board appoints a person to supervise the county
facilities under the Board’s jurisdiction, and this supervisor also directs the policies and conduct
of each institution.


 Tex.Hum.Res.Code Ann. § 152.0772(a). The Board appoints the head of
each facility, and the facility head may hire employees that the Board determines are necessary. 
Tex.Hum.Res.Code Ann. § 152.0772(b).
            In arguing that the Department is a separate entity apart from the County, the County
directs us to an Attorney General’s Opinion, No. DM-460. Tex.Att’y Gen.Op. No. DM-460
(Dec. 17, 1997). Because no statutory provision clearly addresses whether the El Paso Juvenile
Probation Department is a separate entity or a part of El Paso County, the Attorney General in
that opinion reviewed the Department’s characteristics, including its source of funding,
accountability, and supervision to answer this question. Tex.Att’y Gen.Op. No. DM-460,
quoting Lohec v. Galveston County Comm’rs Court, 841 S.W.2d 361, 363 (Tex. 1992). Based
on the relevant statutory provisions, the Attorney General determined that “[t]he purpose of the
department, the provision of juvenile probation services, is not merely a county concern, but a
state-wide one, provided in response to and under the direction of juvenile court orders and
governed by state regulations.” Tex.Att’y Gen.Op. No. DM-460, citing Tex.Hum.Res.Code
Ann. §§ 141.042, 142.001, 152.0007. Moreover, the commissioners court lacks authority in the
“creation and composition of the [B]oard” because the Board is a statutorily created entity
consisting of statutorily-designated members. Id., citing Tex.Hum.Res.Code Ann. § 152.0771. 
The Board hires the Department’s personnel, sets their salaries, without any supervision by the
commissioners court. Id., citing Tex.Hum.Res.Code Ann. §§ 142.002(b), 152.0007(a). 
Additionally, Department personnel are considered state employees for purposes of state liability
and indemnification for acts of negligence and criminal prosecution. Id., citing Tex.Hum.Res.
Code Ann. § 142.004(b). Even though the Department’s budget includes both county and state
funds, the commissioners court has limited control even over portion of the budget funded by the
county.


 Id., citing Tex.Hum.Res.Code Ann. §§ 142.002(b), 152.0004, 152.0012. Finally, the
Attorney General determined that the Board or the Department, is specifically empowered,
without an express provision for County oversight, to enter into certain contracts. Id., citing
Tex.Hum.Res.Code Ann. §§ 141.0432(d), (e), 142.003(b), 152.0011. Although the Department
was subject to some County supervision in the deposit and disbursement of Department funds,
the Attorney General stated that it did not believe this requirement indicated that the Department
is part of the County. Id., citing Local Gov’t Code Ann. § 140.003. The Attorney General
stated that this instead “indicates that the [D]epartment is distinct from the [C]ounty,” reasoning
that if the Department was part of the County, “there would be no need to require the deposit of
[D]epartment funds in the [C]ounty treasury and disbursement by the [C]ounty.” Tex.Att’y
Gen.Op. No. DM-460. Based on the foregoing factors, the Attorney General concluded that the
Department is an entity independent of the County. Id.
            After reviewing the relevant laws and persuasive authorities, we conclude an employee of
the El Paso Juvenile Probation Department is not an “employee” of the El Paso County under the
TTCA because he is not subject to the County’s control. See Murk, 120 S.W.3d at 866, quoting
Tex.Civ.Prac.&Rem.Code Ann. § 101.001(2); Adkins, 2 S.W.3d at 348. Because the County’s
immunity from suit was not waived under the TTCA, the trial court lacked subject-matter
jurisdiction over Ms. Solorzano’s cause of action. See Adkins, 2 S.W.3d at 348. We sustain
Issue One to the extent of the County’s first argument. Having determined that the trial court
erred in denying the County’s plea to the jurisdiction with respect to Ms. Solorzano’s claims
under the TTCA on this basis, we need not address the County’s second argument that the court
erred in denying the plea because Ms. Solorzano failed to provide the County with notice as
required by the Act.
            The County’s final argument pertains to Ms. Solorzano’s Section 1983 claim. The
County first argues that her claim must fail because she lacked standing to bring any such claims
against the County where an employee of the Department, and not the County, committed the
alleged acts underlying her claim.
            A cause of action under 42 U.S.C. § 1983 requires (1) the conduct complained-of to be
committed by a person acting under color of state law, and (2) the conduct deprived a person of
rights, privileges, or immunities secured by the Constitution or laws of the United States. County
of El Paso v. Dorado, 180 S.W.3d 854, 862 (Tex.App.--El Paso 2005, pet. denied.). Having
determined that the El Paso Juvenile Probation Department is a separate governmental entity
apart from the County, we conclude that El Paso County was not a proper party to
Ms. Solorzano’s Section 1983 claim. Therefore, we need not address the County’s argument that
Ms. Solorzano failed to allege a cognizable Section 1983 claim. Because El Paso County is a
separate entity, Ms. Solorzano has failed to state a claim in the instant case upon which relief
may be granted. Accordingly, we sustain the County’s sole issue that the trial court lacked
jurisdiction over this case and erred in denying the County’s plea to the jurisdiction.



            Having sustained the County’s issue, we reverse the trial court’s order denying the plea to
jurisdiction and dismiss this suit for want of jurisdiction.


September 21, 2011
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.