**REVERSE and RENDER; and Opinion Filed October 27, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00325-CV

**JESSICA D. LEE, M.D., Appellant**

**V.**

**LOIS HUNTER, INDIVIDUALLY AND ON BEHALF OF
THE ESTATE OF JAMES HUNTER, DECEASED, Appellee**

**On Appeal from the 101st Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-14-02393**

## MEMORANDUM OPINION
Before Justices Fillmore, Brown, and O'Neill[1]
Opinion by Justice Brown

In this interlocutory appeal, Jessica D. Lee, M.D., appeals the trial court's denial of her motion for summary judgment. In a single issue, Lee contends the trial court erred in failing to dismiss a medical negligence case against her under section 101.106(f) of the Texas Tort Claims Act. We agree. Accordingly, we reverse the trial court's order and render judgment dismissing the plaintiff's claims against Lee.

Appellee Lois Hunter, individually and on behalf of the estate of James Hunter, deceased, sued Lee. As alleged in Hunter's original petition, on February 2, 2012, her son James was admitted to Parkland Hospital, where he was diagnosed with a stroke. He remained in the hospital for treatment. On February 29, 2012, James complained of severe hip and leg pain. He

---

[1] The Hon. Michael J. O'Neill, Justice, Assigned.

died in the hospital on March 1, 2012, from a pulmonary emboli. Hunter asserted that Lee provided care to her son from the time he complained of hip and leg pain until his death. Hunter alleged that Lee's negligence proximately caused her son's injuries and death and sought survival, wrongful death, and punitive damages.[2]

Lee answered and moved to dismiss Hunter's suit against her under section 101.106(f) of the tort claims act. That section provides:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f) (West 2011). Lee asserted she was entitled to dismissal because Hunter's petition alleged conduct that was within the scope of Lee's employment with a governmental unit, the University of Texas Southwestern Medical Center at Dallas (UTSWMC), and the case could have been brought against her employer. Lee requested that UTSWMC be named in the lawsuit in her place within thirty days of the filing of the motion.

After more than thirty days, Lee moved for summary judgment on grounds she was entitled to dismissal under section 101.106(f). As summary judgment evidence, Lee provided her affidavit, the affidavit of the Vice President and Chief of the Office of Human Resources for UTSWMC, a Memorandum of Appointment for 2011-2012, and her W-2 forms. Hunter filed a brief in opposition to Lee's summary judgment motion. Hunter maintained Lee did not conclusively establish she was an employee of a governmental unit because the record did not establish UTSWMC had the legal right to control the details of Lee's work. Lee amended her

---

[2] Hunter also sued two other doctors and two nurses who treated her son, as well as Dallas County and the Dallas County Hospital District d/b/a Parkland. In her motions for summary judgment, Lee indicated she was the sole remaining defendant.

motion for summary judgment to address this issue. Lee attached a new affidavit from herself, as well as the other evidence presented with her original motion. Hunter did not file any further response. After a hearing, the trial court denied Lee's amended motion for summary judgment. This interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(5) (West Supp. 2016) (permitting interlocutory appeal from order denying summary judgment based on assertion of immunity by individual who is employee of the state or political subdivision).

Lee contends the trial court erred in denying her summary judgment motion because she conclusively established she was entitled to dismissal of the suit under section 101.106(f). We review a trial court's decision to deny a motion for summary judgment de novo. *Henning v. OneWest Bank FSB*, 405 S.W.3d 950, 956 (Tex. App.—Dallas 2013, no pet.). By moving for summary judgment under section 101.106(f), Lee was asserting a claim of governmental immunity. *See Powell v. Knipp*, 479 S.W.3d 394, 398 (Tex. App.—Dallas 2015, pet. denied) (citing *Franka v. Velasquez*, 332 S.W.3d 367, 371 n.9 (Tex. 2011)). If immunity applies, it deprives the trial court of subject matter jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). A defendant moving for summary judgment on the affirmative defense of governmental immunity under section 101.106(f) must conclusively establish every element of that defense. *Powell*, 479 S.W.3d at 398. If the movant does so, the burden shifts to the nonmovant to raise a disputed fact issue or an exception to the affirmative defense. *Id.*

To obtain summary judgment pursuant to section 101.106(f), Lee needed to conclusively prove: (1) she was an employee of a governmental unit; (2) the claims, if brought against the governmental employer, would fall within the ambit of the tort claims act; (3) the claims are based on conduct that was in the general scope of her employment; and (4) she moved to

substitute the governmental employer and to be dismissed from suit. *See id.*; TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f). As a matter of law, UTSWMC is a governmental unit under the tort claims act. *Powell*, 479 S.W.3d at 399; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3) (West Supp. 2016).

We turn to whether Lee established she was an employee of UTSWMC. Under the tort claims act, an "employee" is a person who is in the paid service of a governmental unit by competent authority, but does not include an independent contractor, an agent or employee of an independent contractor, or a person who performs tasks the details of which the governmental unit does not have the legal right to control. TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(2). In Lee's affidavit attached to her amended motion for summary judgment, she stated that in February of 2012, she was a full-time employee of UTSWMC in the Neurology Department. Lee also stated that she was a full-time physician and an assistant professor and was not employed by Parkland or any other entity. Lee further stated that UTSWMC controlled and directed the details of her employment, including the schedule she worked, the facility wherein she worked, the type of patients she saw, the type of medical services she was authorized to render, and the billing for her services. The affidavit of William Berendt, the Vice President and Chief of the Office of Human Resources for UTSWMC, confirmed that Lee was employed by UTSWMC as a full-time physician and assistant professor from July 1, 2007, to July 9, 2012. He stated Lee was in the paid service of UTSWMC when she provided medical services to patients like James Hunter on behalf of UTSWMC. Lee provided her W-2 Wage and Tax statements for the years 2011 and 2012, which indicate that her employer was UTSWMC. Lee also provided her Memorandum of Appointment from UTSWMC for fiscal year 2011-2012 reappointing her as an assistant professor in neurology. We conclude Lee established she was UTSWMC's employee at the relevant time. *See Murk v. Scheele*, 120 S.W.3d 865, 867 (Tex.

–4–

2003) (physician whose practice is controlled by governmental unit is not precluded from being an employee simply because she must exercise some independent medical judgment).

As for the remaining elements of proof, Lee conclusively established those elements as well. Hunter's negligence claims, if brought against UTSWMC, would fall within the ambit of the tort claims act. Tort claims against the government are, or could be, brought under the tort claims act regardless of whether the act waives immunity for those claims. *Tex. Dep't of Aging & Disability Servs. v. Cannon*, 453 S.W.3d 411, 415 (Tex. 2015); *Franka*, 332 S.W.3d at 379–80. And Lee presented evidence that Hunter's claims are based on conduct that was in the general scope of Lee's employment. In her affidavit, Lee stated that her duties as a paid faculty physician included providing treatment to patents such as James Hunter. Lee further stated that, during the time she treated James Hunter, she was engaged in activities in the general course and scope of her employment with UTSWMC. Finally, Lee moved to substitute UTSWMC and be dismissed from the suit.

Lee conclusively established her right to dismissal under section 101.106(f). The burden then shifted to Hunter to raise a fact issue or an exception to Lee's affirmative defense of governmental immunity. Hunter did not do so. Accordingly, the trial court erred in denying Lee's motion for summary judgment. We sustain Lee's sole issue.

We reverse the trial court's order denying Lee's motion for summary judgment and render judgment dismissing Hunter's claims against Lee.

/Ada Brown/
_____
ADA BROWN
JUSTICE

160325F.P05

–5–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JESSICA D. LEE, M.D., Appellant

No. 05-16-00325-CV     V.

LOIS HUNTER, INDIVIDUALLY AND
ON BEHALF OF THE ESTATE OF
JAMES HUNTER, DECEASED, Appellee

On Appeal from the 101st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-14-02393.
Opinion delivered by Justice Brown, Justices
Fillmore and O'Neill participating.


In accordance with this Court's opinion of this date, we **REVERSE** the trial court's March 7, 2016 order denying Jessica D. Lee's motion for summary judgment and **RENDER** judgment that:

The claims of Lois Hunter, Individually and on Behalf of the Estate of James Hunter, Deceased, against Jessica D. Lee, M.D., are dismissed.

It is **ORDERED** that appellant Jessica D. Lee, M.D. recover her costs of this appeal from appellee Lois Hunter, Individually and on Behalf of the Estate of James Hunter, Deceased.


Judgment entered this 27th day of October, 2016.